```
        UNITED STATES DISTRICT COURT
      SOUTHERN DISTRICT OF WEST VIRGINIA
                AT CHARLESTON
```

**UNITED STATES OF AMERICA**

v.                              CRIMINAL ACTION NO. 2:21-cr-00025

**OJI WILLIAMS**

<u>MEMORANDUM OPINION AND ORDER</u>

Pending are two letter motions filed <u>pro se</u> by defendant Oji Williams ("Williams"). On December 23, 2024, Williams filed the first of the two letter motions (ECF No. 123). Thereafter on January 13, 2025, Williams filed the second letter motion (ECF No. 124). The letter motions are construed as a motion for compassionate release pursuant to § 18 U.S.C. 3582(c)(1)(A) and for appointment of counsel.

I.   Background

On February 24, 2021, Williams was charged with one count of unlawful possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2)("count one"), and one count of possession with intent to distribute 40 grams or more of fentanyl, in violation of 21 U.S.C. § 841(a)(1)("count two"). ECF 5. The United States dismissed count one, and on December 13,

2021, Williams pled guilty to count two. ECF Nos. 73, 82. Williams was then sentenced to 54 months imprisonment. ECF 82.

On January 2, 2024, Williams filed a Motion for Modification or Reduction of Sentence pursuant to § 18 U.S.C. 3582. ECF 113. Williams sought relief for a bacterial infection and for his heart condition. Id. However, Williams furnished no supporting medical records. Id. Thus, on November 15, 2024, the court denied the motion for lack of sufficient basis presented for compassionate release. ECF 120.

In March of 2024, Williams was sent to a Residential Reentry Center to conclude the remainder of his sentence. ECF 123. However, by virtue of a violation he was returned to custody where he is now scheduled for release on May 27, 2025.

## II. Legal Standard

Generally, once a court has imposed a term of imprisonment, it lacks the authority to modify the sentence. 18 U.S.C. § 3582(c). In December 2018, congress enacted the First Step Act, which amended 18 U.S.C. § 3582 and enabled courts to reduce a term of imprisonment under certain circumstances. First Step Act of 2018, Pub. L. No. 115-391, § 603, 132 stat. 5194, 5239.

As amended, § 3582 provides that after satisfying an administrative exhaustion requirement, courts may reduce a

sentence if (1) "extraordinary and compelling reasons warrant such a reduction," (2) "reduction is consistent with the applicable policy statements issued by the Sentencing Commission," and (3) release is consistent with the factors listed under 18 U.S.C. § 3582(c)(1)(A).

"[T]he district court enjoys broad discretion in conducting a § 3582(c)(1)(A) analysis." United States v. Jenkins, 22 F.4th 162, 169 (4th Cir. 2021). However, "when deciding whether to reduce a defendant's sentence under § 3582(c)(1)(A), a district court may grant a reduction only if it is 'consistent with applicable policy statements issued by the Sentencing Commission.'" United States v. Taylor, 820 F. App'x 229, 230 (4th Cir. 2020) (per curiam) (citing 18 U.S.C. § 3582(c)(1)(A)).

The Policy Statement is titled "Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A)." U.S.S.G. § 1B1.13. Amendments to the Policy Statement took effect on November 1, 2023, which made it expressly applicable to defendant-filed motions under § 3582(c)(1)(A).[1]  A court must ensure that any sentence

---

[1] Prior to the amendments to the effective date of the Policy Statement, the Fourth Circuit held that "[b]y its plain terms, ... § 1B1.13 [did] not apply to defendant-filed motions under § 3582(c)(1)(A)." United States v. McCoy, 981 F.3d 271, 282 (4th Cir. 2020). There was no "applicable policy statement governing compassionate-release motions filed by defendants under ... § 3582(c)(1)(A)." Id. at 284. Consequently, courts "enjoy[ed] broad discretion in conducting" compassionate relief analysis and were not limited by an enumerated list of reasons that warrant relief. United States v. Kibble, 992 F.3d 326, 330-31 (4th Cir. 2021), cert. denied, 142 S. Ct. 383 (2021).

reduction "is consistent with" the Policy Statement's provisions. 18 U.S.C. § 3582(c)(1)(A).

The Policy Statement identifies six circumstances, individually or collectively, that constitute "extraordinary and compelling reasons" warranting a reduction in sentence. These include: the defendant is suffering from a terminal illness or has another serious medical condition, § 1B1.13(b)(1); the age of the defendant, § 1B1.13(b)(2); the family circumstances of the defendant, § 1B1.13(b)(3); the defendant was a victim of abuse during imprisonment, § 1B1.13(b)(4); the defendant received an unusually long sentence and has served at least 10 years of the imprisonment, § 1B1.13(b)(6); or for "any other circumstance or combination of circumstances that ... are similar in gravity" to the reasons in (1)-(4). § 1B1.13(b)(5).

### III. Analysis

A. <u>Compassionate release</u>

Williams maintains that he suffers from a heart condition, for which he was "put on a heart monitor 2 times" and was "awaiting to see a cardiologist." ECF 123. Further, he asserts that his heart condition renders him unable to "workout" and defend himself in custody. ECF 124. Williams notes that he

4

has been placed on two heart medications to treat the condition. ECF 123.

With regard to his medical concerns as a basis for compassionate release, Williams fails to carry his burden. Williams has provided the court with no evidence that he is receiving insufficient or non-existent medical care. He is currently receiving medication for his heart condition. There is no indication that the medication is inadequate.

Williams also avers that his familial situation constitutes grounds for his immediate release. Specifically, his "children are in need just as well as my children's mother." ECF 123. He states that they need his "support financially and to co-parent." Id.

Despite his contentions, Williams has not shown that his familial situation merits release. The court has not been provided with evidence that the children are not receiving adequate care. There is nothing to suggest that the children are not being cared for by their mother or, should that be the case, another family suitable caregiver is not available. Thus, Williams has not established that the children require his caretaking. Additionally, Williams has not produced evidence of familial financial struggles that necessitate his support.

Inasmuch as Williams has failed to establish extraordinary and compelling reasons warranting release, the court finds that Williams' motion for compassionate release must be denied.

B. <u>Appointment of Counsel</u>

To the extent that Williams seeks appointment of counsel to assist with a motion for compassionate release, the court notes that he has no constitutional right to counsel in post-conviction proceedings. <u>See</u> <u>Pennsylvania v. Finley</u>, 481 U.S. 551, 555 (1987). Although the court has discretion to appoint counsel to a financially eligible person when appointment would be "in the interests of justice," 18 U.S.C. § 3006A(a)(2)(B), the court concludes, in view of defendant's failure to show his request for compassionate relief would have merit, that appointment of counsel would be futile and not in the interests of justice. Accordingly, Williams' request for counsel is denied.

IV. Conclusion

Accordingly, it is ORDERED that:

1. Williams' motion for compassionate release pursuant § 18 U.S.C. 3582(c)(1)(A) be, and hereby is, denied;

2. Williams' motion for appointment of counsel be, and hereby is, denied.

The Clerk is directed to transmit copies of this order to all counsel of record and any unrepresented parties.

ENTER: January 17, 2025

John T. Copenhaver, Jr.
Senior United States District Judge